UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD PRYOR,<br><br>           Plaintiff,<br><br>v.<br><br>CONNECTICUT MUNICIPAL ELECTRIC ENERGY COOPERATIVE,<br><br>           Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT**<br><br><br>January 16, 2019 |

Plaintiff Edward Pryor ("Mr. Pryor" or "Plaintiff"), by and through his undersigned attorneys, for his complaint against the Connecticut Municipal Electric Energy Cooperative ("CMEEC" or the "Defendant"), states as follows:

### INTRODUCTION

1. This action arises out of Defendant CMEEC's wrongful termination of Mr. Pryor's advancement of legal fees and expenses incurred in connection with Mr. Pryor's defense of criminal charges pending in this District. After advancing the legal fees and expenses that Mr. Pryor incurred in connection with the government's investigation for five months as required by its Bylaws and Connecticut law—during which time CMEEC had extensive knowledge of the substance of the investigation—CMEEC abruptly and improperly cut off Mr. Pryor's advancement after a grand jury returned an indictment against Mr. Pryor in November 2018.

2. CMEEC's Bylaws clearly require it to advance all expenses, including attorneys' fees, incurred by Mr. Pryor in connection with the criminal proceedings currently pending in this District because the allegations in the indictment relate to Mr. Pryor's conduct in his official capacity as the Chief Financial Officer of CMEEC.

3.  During the government's investigation, both Mr. Pryor and CMEEC maintained that Mr. Pryor had not engaged in criminal wrongdoing.

4.  Timely advancement of his legal fees and other expenses is critical and essential for Mr. Pryor to defend himself effectively against the pending criminal charges he faces in this District.

## THE PARTIES

5.  Plaintiff Edward Pryor is an individual residing in Davidson, North Carolina and who served as Defendant's Chief Financial Officer ("CFO") from in or about 2012 to in or about early January 2019.

6.  Defendant CMEEC is a Connecticut corporation with its principal place of business in Norwich, Connecticut.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is within the District of Connecticut.

## STATEMENT OF FACTS

**A.   Relevant Background**

9.  CMEEC is a cooperative public corporation created under the laws of the State of Connecticut to permit municipal electric utilities in Connecticut to join together for the purpose of furnishing efficient, low cost and reliable electric power in the municipalities' areas of operation.

10. CMEEC is managed by a board (the "Board") made up of representatives from each of its member towns. The CMEEC Board is responsible for the operational affairs and business of CMEEC. The Board sets policy for CMEEC and performs other duties and responsibilities as determined by applicable statutes and by the CMEEC Bylaws.

11. Mr. Pryor was never a member of CMEEC's Board.

12. In or about November 2016, CMEEC became aware of an investigation (the "Investigation") being conducted by the United States Attorney's Office for the District of Connecticut into certain trips to the Kentucky Derby and a resort in West Virginia allegedly attended by, among others, certain members of CMEEC's Board.

13. On or about November 8, 2018, the United States Attorney's Office unsealed a four-count indictment (the "Indictment") charging Mr. Pryor as well as the company's Chief Executive Officer and three members of CMEEC's Board with (i) the alleged theft of federal funds, in violation of 18 U.S.C. § 666, and (ii) conspiracy, in violation of 18 U.S.C. § 371, in connection with the Board trips to the Kentucky Derby and the West Virginia resort (the "Criminal Case").

14. The Indictment alleges that the alleged Board trips were not proper uses of CMEEC's funds and that, in allegedly organizing, approving, facilitating and participating in these trips, the defendants in the Criminal Case conducted CMEEC's affairs for their own "personal, pecuniary and financial benefit."

15. These allegations are the same allegations that the government advised CMEEC it was investigating during the period when CMEEC was advancing Mr. Pryor's legal fees and expenses in accordance with the company's contractual and statutory obligations.

16. The allegations and charges against Mr. Pryor in the Criminal Case relate to conduct undertaken in his official capacity as CMEEC's CFO.

17. Mr. Pryor has pleaded not guilty to the charges in the Indictment and intends to vigorously defend against these charges.

**B.   Mr. Pryor's Right to Advancement Under CMEEC's Bylaws**

18. CMEEC is obligated under its Bylaws to indemnify its current and former officers, employees and directors and to advance all expenses, including attorneys' fees, incurred by any former officer or employee of CMEEC in connection with any proceedings in which such officer or employee is involved by reason of the fact that he or she served as an officer or employee of CMEEC.

19. Section 6(b) of the CMEEC Bylaws, as amended on May 2, 2018 (the "Bylaws"), provides, in relevant part:

> Each CMEEC employee **shall be indemnified for all costs and expenses, including the right to receive in advance reasonable legal fees actually incurred by the employee in connection with the defense of any claim, action, suit, or proceeding in which they may be involved or to which they may be a party by reason of their being or having been such employee** (a "Claim"), except in relation to matters as to which they shall be finally adjudged in such action, suit, or proceeding to be liable for willful or wanton negligence or misconduct in the performance of duty.

(emphasis added). A true and correct copy of the Bylaws is attached hereto as <u>Exhibit A</u>.

20. This provision of the Bylaws is supported by and enforceable under applicable Connecticut law, including but not limited to the common law and Conn. Gen. Stat. §§ 33-773, 778 and/or 33-1122, 1124.

21. Other versions of CMEEC's Bylaws similarly provide for indemnification of officers, employees and directors and, under applicable Connecticut law, advancement of legal fees and expenses in connection with such indemnification.

22. Mr. Pryor served as both an officer and an employee of CMEEC, as defined in the CMEEC Bylaws, during the relevant period.

23. Accordingly, Mr. Pryor is entitled to the advancement of his legal fees and expenses incurred in connection with the Criminal Case and his defense of the charges set forth therein.

**C.   CMEEC Advances Mr. Pryor's Legal Expenses in Connection with the Investigation**

24. Beginning in June 2018, Mr. Pryor engaged his own counsel in connection with the Investigation with the express understanding that CMEEC would advance to Mr. Pryor the cost of such representation.

25. In fact, on or about June 6, 2018, CMEEC required Mr. Pryor to sign an "Affirmation and Undertaking" prior to agreeing to advance his legal fees and expenses incurred in connection with the Investigation.

26. Between June and October 2018, in accordance with its obligation under its Bylaws and its express commitment to Mr. Pryor, CMEEC paid Mr. Pryor's attorney's fees incurred in connection with the Investigation.

**D.   CMEEC Cuts Off Mr. Pryor's Advancement Without Explanation or Legal Basis**

27. Following the Indictment, on November 9, 2018, Mr. Pryor's counsel requested, in writing, confirmation that CMEEC would continue advancing Mr. Pryor's legal expenses in connection with his defense of the charges in the Criminal Case.

28. CMEEC never responded to this request.

29. On November 16, 2018, Mr. Pryor's counsel again requested, in writing, confirmation that CMEEC would continue advancing Mr. Pryor's legal expenses.

30. CMEEC ignored this request as well.

31.     On or about November 26, 2018, Mr. Pryor's counsel spoke with CMEEC's counsel by telephone and once again directly requested CMEEC's position on advancement.

32.     On this call, CMEEC again refused to confirm whether it would advance Mr. Pryor's legal expenses and explained that the company was waiting for a coverage determination from its insurance carrier.

33.     On January 2, 2019, Mr. Pryor's counsel wrote a letter to CMEEC's General Counsel, Robin Kipnis, demanding that CMEEC resume its advancement of Mr. Pryor's legal expenses and setting forth in detail the statutory and contractual basis for his demand. Mr. Pryor's counsel warned that if CMEEC did not agree to resume advancement of Mr. Pryor's legal fees by January 7, 2019, Mr. Pryor would commence a civil action to secure his advancement rights. A true and correct copy of that letter is attached hereto as <u>Exhibit B</u>.

34.     Neither Ms. Kipnis nor CMEEC responded to Mr. Pryor's January 2nd letter or any of Mr. Pryor's other requests concerning advancement, nor has CMEEC ever explained the basis for its abrupt and improper termination of Mr. Pryor's advancement right and refusal to continue advancing Mr. Pryor's legal expenses in the Criminal Case.

35.     CMEEC has not advanced any funds for Mr. Pryor's legal expenses since the Indictment was unsealed on or about November 8, 2018.

36.     There is no good faith basis for CMEEC's abrupt decision to renege on its promise to Mr. Pryor and breach its obligation to advance his legal fees and expenses. Rather, the decision is being driven by self-interested political maneuvering, including by CMEEC board members who were invited to, participated in and/or approved the conduct described in the Indictment.

37. CMEEC's failure and refusal to provide advancement for Mr. Pryor's legal expenses is causing him serious and ongoing harm.

## CLAIM FOR RELIEF

### Count I
### (Advancement of Legal Fees and Expenses)

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above as if they were fully set forth herein.

39. The allegations and charges against Mr. Pryor in the Criminal Case involve actions that he took in the course of performing his official duties as an officer and employee of CMEEC.

40. Pursuant to CMEEC's Bylaws and Connecticut law, Mr. Pryor is entitled to advancement of his legal fees and expenses incurred in connection with the Criminal Case.

41. CMEEC has breached its obligations under its Bylaws and Connecticut law by failing and refusing to advance the legal fees and expenses incurred by Mr. Pryor in connection with the Criminal Case.

42. Plaintiff, therefore, is entitled to an order compelling CMEEC to comply with its obligations under its Bylaws and Connecticut law to advance the legal fees and expenses incurred by Plaintiff.

43. The anticipated fees and expenses to defend the Criminal Case exceed Mr. Pryor's available resources.

44. Plaintiff has no adequate remedy at law.

## Count II
### (Payment of Fees and Expenses for Enforcement of Right to Advancement)

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44 above as if they were fully set forth herein.

46. As a result of CMEEC's bad-faith failure and refusal to comply with its obligation under the Bylaws to advance Plaintiff's legal fees and expenses, Plaintiff was forced to initiate and pursue this action to enforce his right to advancement.

47. Plaintiff has incurred, and will continue to incur, legal fees and expenses in connection with the prosecution of this action.

48. As a result of CMEEC's willful, bad-faith conduct, Plaintiff is entitled to recover from CMEEC the expenses incurred in connection with the prosecution of this action.

49. Plaintiff has no adequate remedy at law.

## Count III
### (Promissory Estoppel)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above as if they were fully set forth herein.

51. CMEEC and/or its counsel explicitly represented to Mr. Pryor and/or his counsel that CMEEC would provide advancement for legal fees and expenses incurred by Mr. Pryor in connection with the Investigation.

52. In reasonable reliance on CMEEC's representation, Mr. Pryor engaged the undersigned law firm to represent him in connection with the Investigation and any proceedings arising from the Investigation, including but not limited to the Criminal Case.

53. Consistent with its promise, CMEEC advanced Mr. Pryor's legal fees and expenses incurred between June and October 2018.

54. After the Indictment was unsealed, CMEEC abruptly and without justification or explanation ceased advancing Mr. Pryor's legal fees and expenses.

55. Mr. Pryor relied to his detriment on CMEEC's now-breached promise to advance his legal fees and expenses. Now, when his need for advancement is most acute, CMEEC has failed and refused to abide by its promise to advance Mr. Pryor's legal fees and expenses consistent with its established course of conduct.

56. Injustice can be avoided only by enforcing CMEEC's promise and ordering it to resume its advancement of Mr. Pryor's legal fees and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

A. Declaring that Plaintiff is entitled to advancement by CMEEC of all legal fees and expenses incurred in connection with the Investigation and the Criminal Case;

B. Requiring CMEEC to reimburse Plaintiff for all legal fees and expenses incurred to date in connection with the defense of the allegations and charges in the Criminal Case;

C. Requiring CMEEC to pay Plaintiff's legal fees and expenses incurred in connection with the Criminal Case going forward within thirty (30) days of receipt of a request for advancement;

D. Requiring CMEEC to reimburse Plaintiff for all legal fees and expenses incurred in connection with the prosecution of this action;

E. Requiring CMEEC to pay pre-judgment and post-judgment interest on the amounts currently owed by CMEEC to Plaintiff; and

F. Granting such additional relief as the Court may deem just and proper.

By: *Michael Q. English* (signature)
Michael Q. English (ct29019)
Tony Miodonka (ct28262)
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: menglish@fdh.com
           tmiodonka@fdh.com